[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION
On May 12, 1998, the Connecticut Supreme Court issued its decision on the appeal in this case, SFP Tisca v. Robin HillFarm, Inc., in 244 Conn. 721, 711 A.2d 1175 (1998). The decision included a remand[1] to this court to consider defendant Robin Hill Farm's "other claims in its objection to the attorney referee's report." The other objections by the defendant are set forth in the "Defendant's Objections to Acceptance of Report of Attorney Trial Referee" dated July 17, 1996 and are as follows:
(1) The deposition testimony of Mr. Juillet should not have been admitted. This court agreed with the defendant in its memorandum of decision dated August 30, 1996, but the Supreme Court ruled otherwise on page 731 of its decision, and determined that the attorney referee, Attorney Barbara A. LaVoy, was correct in admitting this deposition.
(2) Mr. Juillet was not competent to testify because he joined the plaintiff company after the transaction in question had occurred and was not sufficiently familiar with the details of the sale. The referee stated that Juillet was "sufficiently familiar" with the plaintiff's file to testify about the transaction. The Supreme Court ruled otherwise on page 730.
(3) The plaintiff should have called other witnesses who were more familiar with the transaction. The referee in her CT Page 9973 report of May 22, 1996 found that Juillet had sufficient knowledge of the sale to the defendant to testify competently and the Supreme Court agreed on page 730.
(4) The plaintiff should not have sought recovery under the theory of unjust enrichment. This is irrelevant as the attorney referee ruled that the plaintiff had proved the existence of an express contract and the Supreme Court agreed on page 731.
(5), (6), (7) and (8) The defendant asserted in its objections to the report that that "there can be no doubt that the Home Improvement Act, General Statutes § 20-4 18 et seq., applies to the agreements at issue in the instant matter." The Supreme Court ruled otherwise on page 732.
(9) and (15) The three year statute of limitations for oral contracts, General Statutes § 52-581, should have applied. The Supreme Court on page 732 agreed with the referee that the transaction did not include installation of the carpets and was therefore governed by General Statutes § 42a-2-725
(1), the Uniform Commercial Code, and its longer four year statute of limitations.
(10) The carpets furnished by the plaintiff were defective and the defendant should obtain a judgement against the plaintiff. The referee ruled otherwise and the Supreme Court agreed on pages 731-732 of its decision.
(11) Paragraph 1 of the defendant's First Special Defense claimed that the plaintiff was obliged to install the carpets and also arrange for its cleaning and maintenance. The referee found that the agreement between the parties involved only a sale of the carpets and nothing else. The Supreme Court on pages 731 and 732 of its decision agreed that the transaction did not involve installation of the carpets.
(12) The defendant did advise the plaintiff of the claim that the carpet was defective within a reasonable time. The referee found that the defendant delayed notifying the plaintiff of the alleged defect for approximately eight months, thereby preventing the defendant from recovering from the plaintiff on its counterclaim, a finding affirmed by the Supreme Court on page 731. CT Page 9974
(13) The plaintiff is guilty of laches. The referee found that the plaintiff could recover on its claim of breach of contract, count 1, which was affirmed by the Supreme Court on pages 731-32, and rendered this claim moot.
(14) The referee recommended a recovery of damages by the plaintiff in a greater amount than sought by the plaintiff In its complaint, the plaintiff claimed a recovery of FFR 138, 121.53, because it erroneously credited the defendant with a payment on account of FFR 77,255. The actual partial payment was in the amount of FFR 75,000, which resulted in a balance due of FFR 140,376.53, instead of the amount claimed. The referee found that this was a "scriveners error" which was corrected in the body of the plaintiff's brief, although not in the summary portion thereof. There is nothing illogical or contrary to law in the referee's recommendation that judgment should enter in the correct amount, and her recommendation on this point is accepted.
Hence, the objections by the defendant to the report of the referee are rejected. Judgment therefore enters for the plaintiff to recover from the defendant on its complaint the sum of FFR 140,376.53, at the current rate of exchange. The referee did not recommend the awarding of prejudgment interest. Court costs are to be taxed by the office of the Chief Clerk in favor of the plaintiff in accordance with General Statutes § 52-2576 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this day of July 12th, 1999.
William B. Lewis, Judge